UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael Robert Beadle
and Vivian Claire Beadle,
    Plaintiffs

    v.                                 Civil No. 04-272-SM
                                   Opinion No. 2005 DNH 016
Thomas M. Haughey; William
Philpot, Jr.; Stephen J.
Laurent; Charles W. Gallagher;
Mark H. Lamper; Warren F. Lake;
and Haughey, Philpot and
Laurent, P.A.,
    Defendants


**O R D E R**

This pro se suit is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Specifically, Michael Robert Beadle and Vivian Claire Beadle assert that the defendant attorneys: (1) published a foreclosure notice without giving them prior notice, as required by 15 U.S.C. § 1692g(a); (2) denied them their right to dispute the alleged debt under § 1692g(b); and (3) published a foreclosure notice that failed to make disclosures required by §§ 1692e(10) and (11). Before the court are plaintiffs' appeal of the Magistrate Judge's order denying their motion to amend their complaint (document no. 41);

Defendants' Motion to Dismiss or, Alternatively, Motion for Summary Judgment (document no. 33), to which plaintiffs object; and Plaintiffs' Motion for Partial Summary Judgment (document no. 49), to which defendants object.  For the reasons given, plaintiffs' motions are denied and defendants' motion is granted.

## Appeal of the Magistrate Judge's Order

Plaintiffs have identified no grounds warranting reversal of the Magistrate Judge's denial of their motion to amend the complaint.  The Magistrate Judge observed that he could not grant plaintiffs an injunction against a foreclosure sale because they had failed to name the foreclosing party as a defendant.  But it does not follow from that observation that justice requires the court to grant plaintiffs leave to amend the complaint, for a second time, to add the foreclosing party, and others, as defendants.  First, plaintiffs have known the identity of the foreclosing party since the inception of this suit and could have moved in a timely manner.  But, more to the point, adding additional parties (Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc., and Aegis Lending Corporation) would be futile at this point because plaintiffs'

only claimed legal basis for relief is the FDCPA.  Mortgagees are not "debt collectors" within the meaning of the FDCPA.  See Oldroyd v. Assocs. Consumer Discount Co., 863 F. Supp. 237, 241-42 (E.D. Pa. 1994) (citing 15 U.S.C. § 1692a(6)(A)).  As plaintiffs' proposed amendment would be futile, their appeal of the Magistrate Judge's order (document no. 39) is denied.

**Defendants' Motion for Summary Judgment**

A.  Summary Judgment Standard

    Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The role of summary judgment is to pierce the boilerplate of the pleadings and provide a means for prompt disposition of cases in which no trial-worthy issue exists." Quinn v. City of Boston, 325 F.3d 18, 28 (1st Cir. 2003) (citing Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000)).

    "Once the movant has served a properly supported motion asserting entitlement to summary judgment, the burden is on the nonmoving party to present evidence showing the existence of a

trialworthy issue." Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 39 (1st Cir. 2004) (citing Anderson, 477 U.S. at 248; Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)).  To meet that burden the nonmoving party, may not rely on "bare allegations in [his or her] unsworn pleadings or in a lawyer's brief."  Gulf Coast, 355 F.3d at 39 (citing Rogan v. City of Boston, 267 F.3d 24, 29 (1st Cir. 2001); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)).  When ruling on a party's motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  See Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34, 37 (1st Cir. 2003) (citing Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 185 (1st Cir. 2003)).

B.  Background

    Defendant Thomas M. Haughey is an attorney with the law firm of Haughey, Philpot & Laurent, P.A.  The other five individual defendants are also attorneys associated with Haughey, Philpot & Laurent.  Haughey was retained by Countrywide Home Loans, Inc. to

foreclose on a mortgage it was servicing on real property owned by plaintiffs.

Haughey began the foreclosure process by sending plaintiffs a letter dated June 14, 2004. He followed up with another letter dated July 30, 2004. Both letters contained FDCPA warnings. Haughey also placed one or more newspaper advertisements announcing the foreclosure sale. The sale was originally scheduled for August 2, 2004, but was rescheduled, and eventually took place in the late fall of 2004.

Plaintiffs apparently refused to accept Haughey's June 14 and July 30 letters, as well as other correspondence from Haughey, and others, on the rather spacious grounds that the mailing addresses on the "undeliverable" letters used plaintiffs' middle initials rather than their full middle names, or that certain conventions concerning capitalization were not followed.

The premise of this suit is that plaintiffs are "consumers," as defined by 15 U.S.C. § 1692a(3), that defendants are "debt collectors," as defined by § 1692a(6), and that defendants

violated plaintiffs' rights under the FDCPA by: (1) publishing a notice of the August 2, 2004, foreclosure sale without any initial debt collection communication (including a notice of rights) as required by § 1692g(a); (2) denying plaintiffs their right to dispute the debt, as required by § 1692g(b); (3) publishing a foreclosure notice that failed to state that plaintiffs owed the alleged mortgage money, making the notice false or deceptive within the meaning of § 1692e(10); and (4) publishing a foreclosure notice that failed to state that defendants were debt collectors attempting to collect a debt, in violation of § 1692e(11).

C.  Discussion

Defendants make three arguments: (1) that they are not "debt collectors" within the meaning of the FDCPA; (2) that they fully complied with the FDCPA's requirements; and (3) that any failure to comply with the FDCPA was unintentional and thus insufficient to support liability, under 15 U.S.C. § 1692k(c).

To prevail on a claim under the FDCPA, plaintiffs must establish that:

> (1) [they] ha[ve] been the object of collection
> activity arising from a consumer debt; (2) the
> defendant attempting to collect the debt qualifies as a
> "debt collector" under the Act; and (3) the defendant
> has engaged in a prohibited act or has failed to
> perform a requirement imposed by the FDCPA.

Russey v. Rankin, 911 F. Supp. 1449, 1453 (D.N.M. 1995) (citing Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 469 (D.N.M. 1990)).

Defendants argue that they are not "debt collectors" within the meaning of the FDCPA because the "principal purpose" of their law firm is not debt collection, and because they do not regularly collect or attempt to collect debts. See 15 U.S.C. § 1692a(6). While it is difficult to discern the precise contours of plaintiffs' response, they appear to argue that defendants must be debt collectors because the purpose of the June 14 and July 30 letters was plainly to collect a debt.

The key question here is not whether defendants' law firm is a "debt collector," but rather, whether defendants were engaged in collecting a debt. They were not.

Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA. "Security enforcement activities fall outside the scope of the FDCPA because they aren't debt collection practices." Rosado v. Taylor, 324 F. Supp. 2d 917, 924 (N.D. Ind. 2004) (citing 15 U.S.C. § 1692a(6)).

> The most frequently cited case attributes the different treatment of security interests and debts to the target's ability to comply with the request made of her. Jordan v. Kent Recovery Serv., Inc., 731 F. Supp. 652, 656 (D. Del. 1990). One receiving debt collection letters may agonize that she [or he] cannot comply with them, hence she [or he] needs the Act's protection. One asked to comply with a security interest enforcement request, on the other hand, has the security that she [or he] can return (unless she [or he] has been a malefactor). Id. This distinction may wane in the context of real property, since turning over one's house is unlikely to ever be easy. Regardless, the law is rather clear that enforcing a security interest is not debt collection.

Rosado, 324 F. Supp. 2d at 924-25. In Rosado, the court observed that the rule distinguishing debt collection from enforcement of security interests has been applied most frequently in cases involving personal property, id. at 924, but went on to explain that "[n]o different rule applies in cases involving real property; a smaller number of cases hold that a mortgage

foreclosure is not a debt collection activity."  Id. (citing Bergs v. Hoover, Bax & Slovacek, L.L.P., No. Civ.A.3:01-CV-1572-L, 2003 WL 22255679, at *3-*6 (N.D. Tex. Sept. 24, 2003); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1203-04 (D. Or. 2002); Heinemann v. Jim Walter Homes, Inc., 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998)); see also Sweet v. Wachovia Bank & Trust Co., N.A., No. Civ.A. 3:03-CV-1212-R, 2004 WL 1238180, at * (N.D. Tex. Feb. 26, 2004) ("this court finds Defendant's reasoning persuasive on this issue and follows the court in Hulse in finding that the FDCPA does not cover foreclosure as 'debt collection'").  In short, it seems very well established that foreclosing on a mortgage does not constitute debt-collecting activity under the FDCPA.

There are several cases in which foreclosure has been held to be debt collection, but those cases involve distinguishing factual circumstances not present here.  In McDaniel v. South & Associates, P.C., 325 F. Supp. 2d 1210 (D. Kan. 2004), the court distinguished Bergs, Hulse, and Heinemann on grounds that the defendant law firm engaged in a broader scope of activity - seeking judicial rather than non-judicial foreclosure, as well as

a personal judgment against the property owner, which additional activity qualified the law firm's activity as general debt collection rather than focused action against the security. Id. at 1217-18; see also Flores v. Shapiro & Kreisman, 246 F. Supp. 2d 427 (E.D. Pa. 2002) (judicial foreclosure). Here, defendants conducted a non-judicial foreclosure, and did not seek judgment against plaintiffs personally. And in Sandlin v. Shapiro & Fishman, 919 F. Supp. 1564 (M.D. Fla. 1996), the defendant law firm sent the plaintiff mortgagors a letter that, inter alia, instructed the mortgagors that they could avoid foreclosure by paying the law firm, rather than the creditor. Id. at 1567. Here, the June 14 letter did not indicate who plaintiffs were to pay, and the July 30 letter directed plaintiffs to make payment "in cash, bank or cashiers check, or bank certified check payable to the above-mentioned current servicer, Countrywide Home Loans, Inc." Finally, a section of the FDCPA does pertain to the enforcement of security interests, 15 U.S.C. § 1692f(6), but plaintiffs make no claim that defendants violated § 1692f(6). In any event, "except for purposes of § 1692f(6), an enforcer of a security interest . . . does not meet the statutory definition of

a debt collector under the FDCPA," <u>Montgomery v. Huntington Bank</u>, 346 F.3d 693, 700-701 (6th Cir. 2003).

Plaintiffs are incorrect in suggesting that 15 U.S.C. § 1692i(a)(1) either makes foreclosure a debt-collection activity (Pls.' Obj. to Defs.' Mot. for Summ. J. (document no. 45) ¶ 5), or prohibits non-judicial foreclosure sales (<u>id.</u> ¶ 6). To the contrary, § 1692i is a venue provision that provides:

> Any debt collector who brings any legal action on a debt against any consumer shall –
>
> **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located . . .

15 U.S.C. § 1692i(a)(1). Given that defendants have not brought any legal action against plaintiffs, § 1962i is not applicable to this case.

Because defendants were executing a non-judicial foreclosure proceeding rather than collecting a debt, their activities are not subject to the FDCPA provisions plaintiffs invoke. Thus, there is no need to consider defendants' second and third

defenses, i.e., that they complied with the FDCPA and that they were entitled to § 1692k(c) protection.  Moreover, given that the FDCPA is the sole basis for relief asserted by plaintiffs, defendants are entitled to judgment as a matter of law.

### Plaintiffs' Motion For Summary Judgment

Plaintiffs' motion for summary judgment consists almost entirely of the same arguments raised in their objection to defendants' motion for summary judgment.  For the same reasons that defendants are entitled to summary judgment, plaintiffs, necessarily, are not.  Accordingly, Plaintiffs' Motion for Partial Summary Judgment is denied.

### Conclusion

For the reasons given, plaintiffs' appeal of the Magistrate Judge's order (document no. 41) and their motion for partial summary judgment (document no. 49) are denied, and defendant's motion for summary judgment (document no. 33) is granted.  The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

                                                           _____
                                                           Steven J. McAuliffe
                                                           Chief Judge

February 9, 2005

cc:   Michael R. Beadle
      Vivian C. Beadle
      Jeffrey H. Karlin, Esq.